IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHYHEIM D. EL-MU'MIN, No. 509071, a/k/a JAMES I. LENOIR, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-4070-CV-C-SOW |
| DAVE DORMIRE, Superintendent, et al., | ) ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Shyheim D. El-Mu'Min, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court are plaintiff's motions of July 24 and August 10, 2006, for preliminary injunctive relief against Jefferson City Correctional Center (J.C.C.C.) personnel. The court notes that plaintiff has now been transferred to Crossroads Correctional Center.

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again . . . ." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Claims for equitable relief generally become moot upon a prisoner's release from custody or his transfer from the institution in which he suffered the conditions of confinement which formed the basis for his equitable claims. Green v. White, 693 F.2d 45, 46 n.1 (8th Cir. 1982); Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978). Plaintiff is no longer incarcerated at Jefferson City Correctional Center; thus, absent exceptional circumstances not apparent from the record in this cause, plaintiff does not suffer the immediate threat of irreparable harm and his claims for equitable relief against J.C.C.C. personnel have become moot.

On September 19, 2006, plaintiff filed a motion for preliminary injunctive relief regarding access to his legal materials at Crossroads Correctional Center, where he is currently incarcerated. If defendants oppose plaintiff's request, a brief in opposition must be filed. L.R. 7.1. Failure to respond will be treated as a lack of opposition to the motion.

Also before the Court are plaintiff's motions for an extension of time, for sanctions and appointment of counsel.

The court notes that on April 14, 2006, this court denied plaintiff's prior request for appointment of counsel. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motions will be denied.

Plaintiff's motion for sanctions challenging the defenses set forth by defendants in their answer is without merit and is denied.

Plaintiff's request for an extension of time is granted and the parties are granted until December 29, 2006, to complete discovery. Plaintiff's motion of July 24, 2006, seeking an extension of time for discovery is moot.

On December 12, 2006, defendants filed a motion for an extension of time to file dispositive motions. Upon consideration, it is

ORDERED that the parties are granted until January 26, 2007, to file dispositive motions [29]. It is further

ORDERED that the parties are granted an extension of time until December 29, 2006, to complete discovery [17, 26]. It is further

ORDERED that plaintiff's motion for sanctions is denied [11]. It is further

ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice [14, 25]. It is further

ORDERED that within twenty days, defendants show cause why plaintiff's motion of September 19, 2006, for preliminary injunctive relief should not be granted. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief against Jefferson City Correctional Center personnel be denied as moot [18, 20].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

2

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of December, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3