IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SHYHEIM D. EL-MU'MIN, No. 509071, )
a/k/a JAMES I. LENOIR, JR., )
 )
                Plaintiff, )
 )
        v. )     No. 06-4070-CV-C-SOW
 )
DAVE DORMIRE, Superintendent, et al., )
 )
                Defendants. )

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Shyheim D. El-Mu'Min, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     On September 19, 2006, plaintiff filed a motion for an injunction directing individuals at the Crossroads Correctional Center to allow him access to his legal materials. Thereafter, defendants requested an extension of time to respond and subsequently filed a response. Defendants assert plaintiff has been given access to all of the legal materials stored in the property room and that his request is now moot. Defendants also note that plaintiff failed to file a grievance on the issue and, thus, to exhaust his administrative remedies. Before seeking relief from the court, plaintiff should attempt to resolve such issues with institutional staff.

     "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again . . . ." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Plaintiff appears to have been given the information requested in his September 19, 2006 motion and it does not appear that he is subject to an immediate threat of irreparable harm. Thus, his claims for equitable relief related to the legal materials in the property room have become moot.

On December 13, 2006, plaintiff also requested a court order directed to individuals at Crossroads Correctional Center. Plaintiff asserts he was denied incoming legal mail (a copy of his deposition) and access to the canteen to purchase writing supplies and stamps. He claims this is denying him access to the courts and that his disciplinary segregation status should not hamper his access to the courts.

The court notes that plaintiff is asking the court to issue orders directed to individuals who are not parties to this lawsuit. Plaintiff does not indicate he has attempted to resolve the issues through institutional processes or altered his behavior such that he may be released from disciplinary segregation status. Plaintiff has filed numerous documents with the court, indicating he has access to some writing supplies and stamps. If plaintiff is truly unable to obtain necessary supplies and cannot resolve the issues through institutional processes, he should so notify the court.

On January 10, 2007, plaintiff requested an extension of time and appointment of counsel. It is not clear, but plaintiff appears to seek a sixty-day extension of time to file a motion for summary judgment or for judgment on the pleadings. An extension will be granted, but not for sixty days.

Also, plaintiff's request for appointment of counsel is denied for the reasons set forth in previous orders of this court.

On January 16, 2007, plaintiff filed a motion for release of mail from the mail room. Plaintiff indicates the documents are from the United Nations and considered legal mail. The underlying issue in this case is defendants' refusal to make appropriate changes in their records or to honor his legal name change. Plaintiff has not indicated in what manner documents from the United Nations are relevant to this lawsuit or that he has sought relief through institutional processes. In the absence of such information, plaintiff's motion is denied.

IT IS ORDERED that plaintiff's motion of December 13, 2006, for access to the canteen is denied, without prejudice. [32] It is further

ORDERED that within fourteen days, defendants determine the status of plaintiff's receipt of the deposition in this case and make provisions for plaintiff to receive it, or notify the court, in writing, why plaintiff cannot or should not receive it. It is further

ORDERED that defendants' motion of December 26, 2006, for an extension of time to file their response to plaintiff's motion of December 13, 2006, is granted. [33] It is further

ORDERED that the parties are granted an extension of time until February 28, 2007, to file dispositive motions. [36] It is further

ORDERED that plaintiff's request for appointment of counsel is denied, without prejudice, for the reasons previously set forth. [36] It is further

ORDERED that plaintiff's motion of January 16, 2007, for release of his mail is denied, without prejudice. [37] It is further

RECOMMENDED that plaintiff's motion of September 19, 2006, for preliminary injunctive relief related to his legal materials stored in the property room be denied as moot. [24]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3